IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GERALD STOKES,<br><br>        Plaintiff,<br><br>    v.<br><br>GEORGIA STATE PRISON, et al.,<br><br>        Defendants. | CIVIL ACTION NO.: 6:21-cv-21 |

**O R D E R**

This matter is before the Court on Plaintiff's Complaint, Supplemental Amendment to Complaint, Amended Complaint, and Motion for Reconsideration of Amended Complaint. Docs. 1, 11, 15, 17. The Court construes Plaintiff's Supplemental Amendment to Complaint, Amended Complaint, and Motion for Reconsideration for Amended Complaint as Motions for Leave to Amend and **GRANTS** his Motions and **ORDERS** Plaintiff to file a Second Amended Complaint, consistent with this Order.

Plaintiff, an inmate proceeding pro se, has filed a Complaint, Supplemental Amendment to Complaint, an Amended Complaint, and Motion for Reconsideration of Complaint in this instant case. Docs. 11, 15, 16, 17. However, based on the submissions, it is not clear if the documents are intended to supersede Plaintiff's original Complaint or what in his Complaint he would like the Court to reconsider. Nonetheless, the Court has not yet conducted frivolity review on Plaintiff's Complaint and Defendants have yet to be served. Thus, Plaintiff may amend as a matter of right. Accordingly, the Court construes Plaintiff's filings as Motions for Leave to Amend, **GRANTS** Plaintiff's Motions for Leave to Amend, and **ORDERS** Plaintiff to

file a Second Amended Complaint within **14 days** of this Order.  **Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the District Judge the case be dismissed without further notice for failure to prosecute and failure to follow a Court Order.**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A plaintiff's complaint should contain a "short and plain statement" of the plaintiff's claims, and each allegation in the complaint should be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

A plaintiff is not necessarily required to bring a separate action for each individual claim

against each individual defendant. In some circumstances, the Federal Rules of Civil Procedure allow a plaintiff to name multiple defendants in a suit and to assert multiple claims in a single suit. Specifically, a plaintiff may name multiple defendants in a single action, but only if he asserts at least one claim against those defendants that arises from the same transaction, occurrence, or series of transactions or occurrences, or if any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Additionally, a plaintiff may assert multiple claims against a properly joined defendant in the same action. Fed. R. Civ. P. 18(a).

The Second Amended Complaint must comply with the following directions. **The Court advises Plaintiff to read and follow these directions carefully:**

(1)  The Second Amended Complaint must be on the Court-approved civil rights complaint form to be used by prisoners in actions arising under 42 U.S.C. § 1983.[1]

(2)  The Second Amended Complaint must be clearly labelled "Second Amended Complaint" and place the civil action number of this case on the first page of the form.

(3)  No more than 10 pages may be attached to the form (this includes written allegations and attachments).

(4)  The Second Amended Complaint must be legible with writing on only one side of each page.

(5)  Each intended defendant must be identified by name or by sufficient details to describe the individual.

(6)  The Second Amended Complaint should include only factual allegations concerning events where the rights of Plaintiff were violated or Plaintiff was injured, including the date and location of each alleged violation.

(7)  The Second Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation.

---

[1] The Court **DIRECTS** the Clerk of Court to send the appropriate 42 U.S.C. § 1983 complaint form and a copy of this Order to Plaintiff.

(8)   The Second Amended Complaint should not contain legal argument or conclusions.

Once filed, Plaintiff's Second Amended Complaint will supersede and replace his original Complaint, his Amended Complaint, and Supplement to his Complaint. Therefore, Plaintiff's Second Amended Complaint **must not** refer back his previous filing or any of its attachments and **must not** incorporate any part of these filings by reference. Claims made against particular defendants in the Plaintiff's previous Complaints are not preserved unless they are also set forth in the Second Amended Complaint.

**Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the District Judge the case be dismissed without further notice for failure to prosecute and failure to follow a Court Order.**

**SO ORDERED**, this 17th day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA