IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GERALD STOKES, | |
| Plaintiff, | CIVIL ACTION NO.: 6:21-cv-21 |
| v. | |
| GEORGIA STATE PRISON, et al., | |
| Defendant. | |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1] Doc. 21. This matter is before the Court for frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Georgia Department of Corrections ("GDOC") and Plaintiff's claims against Defendant Warden Edwards. However, I **FIND** Plaintiff's claims against Defendants Figeruroa, Goul, Jane Doe, and Jones may proceed.

### PLAINTIFF'S CLAIMS[2]

Plaintiff brings claims relating to events in February 2021 at Georgia State Prison. Doc. 21. Plaintiff, a type-2 diabetic, explains on several occasions he was refused treatment

---

[1] The electronic docket in this case identifies Defendants Williamson, Georgia State Prison, and Williams. However, Plaintiff's Amended Complaint does not contain allegations against these purported Defendants. Doc. 21. Nor does Plaintiff name them as Defendants. Id. at 1. Accordingly, the Clerk of Court is **DIRECTED** to remove Defendants Williamson, Georgia State Prison, and Williams from the case.

[2] All allegations set forth here are taken from Plaintiff's Amended Complaint. Doc. 21. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

while having complications related to his diabetes and hyperglycemia. Id. at 5–7. Plaintiff explains on February 18, 2021, he became lightheaded and passed out because his blood sugar was spiking, which caused him to hit his head on the floor. Id. at 5. Lieutenant Williamson brought Plaintiff to the emergency department, and Defendant Edwards was put in charge of his case. Id.

On February 20, 2021, Plaintiff's sugar again spiked, and he tried to obtain medical care. Id. Defendant Figeruroa, who was made aware of the situation, failed to ensure Plaintiff received medical treatment and ignored his medical emergency. Id. at 6. On February 22 and 23, 2021, Plaintiff again had a diabetic emergency but did not receive medical treatment. Id. Similarly, when Defendant Goul, a doctor at Georgia State Prison, learned of Plaintiff's medical emergency, he did not treat Plaintiff. Id. As a result of this lack of treatment, Plaintiff lost consciousness, fell to the floor and hit his head, and suffered other injuries. Id. On February 24, 2021, Plaintiff's blood sugar was still spiking. Id. Plaintiff requested to be taken to the hospital but was instead referred to medical staff at Georgia State Prison. Id. However, when Plaintiff saw Defendant Jones and Defendant Nurse Jane Doe on February 24, they refused to provide treatment and, instead, threatened to put him in the hole if he did not "go away." Id. at 7. Plaintiff alleges at no point from February 20 to February 24, as he was having a diabetic emergency and suffering from hyperglycemia, did he receive medical attention. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Claims Against Defendant Edwards

Plaintiff fails to state a claim against Defendant Edwards.  The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  As to Defendant Edwards, Plaintiff fails to describe how he was involved in the denial of medical treatment or how he is connected to any

purported any constitutional violation. Indeed, the only reference to Defendant Edwards is she "took over [Plaintiff's] case" on or around February 18, 2021. Doc. 21 at 5.

To the extent Plaintiff seeks to hold Defendant Edward liable for the acts of her subordinates without alleging any personal involvement, his claim also fails. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged Defendant Edwards participated in the events forming the basis of any of Plaintiff's claims. Moreover, Plaintiff has not proffered any reason to support the conclusion Defendant Edwards violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Edwards and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an

4

inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendant Edwards.  Accordingly, I **RECOMMEND** the Court **DISMISS** claims Plaintiff's claims against Defendant Edwards.

## II.     Claims Against GDOC

Plaintiff's claims against Defendant GDOC cannot survive the Court's frivolity screening. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty, Alden v. Maine, 527 U.S. 706, 712–13 (1999), and § 1983 does not abrogate this well-established immunity of a state from suit without its consent, Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  The immunity provisions of the Eleventh Amendment likewise serve as a bar to § 1983 actions against the GDOC.  Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [a plaintiff's § 1983] action against the Georgia Department of Corrections . . . ."); see also Will, 491 U.S. at 70 (noting governmental entities that are considered "arms of the State" are immune from § 1983 suits). This bar applies regardless of whether Plaintiff seeks money damages or prospective injunctive relief.  Stevens, 864 F.2d at 115.  Accordingly, I **RECOMMEND** the Court **DISMISS** the Georgia Department of Corrections from this action.

## CONCLUSION

For the reasons set forth above, For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Georgia Department of Corrections

("GDOC") and Plaintiff's claims against Defendant Warden Edwards.  However, I **FIND** Plaintiff's claims against Defendants Figeruroa, Goul, Jane Doe, and Jones may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of November, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA