IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GERALD STOKES,<br><br>      Plaintiff,<br><br>v.<br><br>DR. GUL, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 6:21-cv-21 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion for Reconsideration. Doc. 50. Plaintiff, who is proceeding pro se, requests the Court to reconsider its January 19, 2022 Order denying his request for appointed counsel. Id. (citing Doc. 46).

Rule 60(b) provides a court may relieve a party from judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)–(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The decision whether to grant relief under this provision is within the sound discretion of the district court. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1131–32 (11th Cir. 1986). In exercising that discretion, the Court must take into consideration the interest of efficient judicial administration. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 397–98 (1993)). A motion for reconsideration "is not an opportunity for the

moving party to instruct the court on how the court could have done it better the first time." Jerawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (internal quotations and citations omitted).  Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made."  Burger King Corp. v. Hinton, Inc., No. 01-2249-CIV, 2002 WL 31059465, at *1 (S.D. Fla. July 19, 2002).  When a party bases its motion to reconsider on previously unsubmitted evidence, "the court should not grant the motion absent a showing that the evidence was not available during the pendency of the case."  M.G. v. St. Lucie Cnty. Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014) (internal quotations and alterations omitted).

Plaintiff again argues he should be appointed counsel based on the allegations he has made and because of an injury to his hand, which makes writing difficult.  As the Court has explained several times, in this civil case, Plaintiff has no right to appointed counsel.  Docs. 7, 17, 23, 28, 37, 46.  While the Court is not unsympathetic to Plaintiff's hand injury, it does not provide a sufficient reason for the Court to reconsider its previous Order.  Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 11th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA